**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALEX KHASIN,

    Plaintiff,

v.

R.C. BIGELOW, INC.,

    Defendant.
_____/

No. C 12-02204 JSW

**ORDER REQUIRING FURTHER BRIEFING AND VACATING HEARING ON MOTION TO DISMISS**

Now before the Court is the motion to dismiss filed by defendant R. C. Bigelow, Inc. ("Bigelow"). The Court HEREBY VACATES the hearing date of February 8, 2013. As addressed below, the Court is providing Plaintiff Alex Khasin ("Plaintiff") with an opportunity to amend her complaint. If Plaintiff timely files an amended complaint, Bigelow's motion to dismiss will be moot. If Plaintiff fails to file an amended complaint, the Court will reset the hearing on the motion to dismiss.

Plaintiff brings this purported class action on behalf of herself and all others similarly situated to contest Bigelow's alleged misrepresentations and misbrandings on its packaging and on its website. Plaintiff alleges that Bigelow has made statements in press releases and on its website that promote the health benefits of drinking tea. (Compl., ¶ 3-4.) Plaintiff contends that these statements contain unlawful antioxidant, nutrition content and health claims that have been expressly condemned by the Food and Drug Administration ("FDA"). (*Id*., ¶ 5.) Plaintiff also challenges Bigelow's labeling on its tea packages. On its Green Tea with Lemon tea package, Bigelow allegedly states "Healthy Antioxidants" on the front and on the back states

"Mother Nature gave us a wonderful gift when she packed powerful antioxidants into green tea. ..." (*Id.*, ¶ 6.)

Although Plaintiff's complaint contains 223 paragraphs and is 56 pages, the substance of many of Plaintiff's allegations are not clear. Plaintiff clearly states what the requirements for making labeling claims about antioxidants are under the Federal Drug and Cosmetic Act as incorporated into California law and how she alleges Bigelow's Green Tea with Lemon packaging is not in compliance. (*Id.*, ¶¶ 64-66.) However, other than antioxidants, it is not clear what nutrients Plaintiff alleges Bigelow made misrepresentations or about which Bigelow misbranded its tea packaging. This case is essentially about consumers and what reasonable consumers would and did rely upon in purchasing Bigelow's teas. The complaint does not need to contain a treatise about all of the possible FDA regulations which may have some relation to food products. However, the complaint should clearly allege what statements and/or omissions mislead reasonable consumers or misbranded Bigelow's tea products.

With respect to the alleged health claims, it is not clear what specific statements Plaintiff viewed on Bigelow's website before she purchased Bigelow's tea and relied upon in making such purchases. Nor does Plaintiff allege when she viewed each alleged statement. Moreover, it is not clear from Plaintiff's allegations whether the alleged statements were made equally about all of Bigelow's teas. As Bigelow notes in its motion to dismiss, Plaintiff cannot be deceived by statements she did not read before she purchased the tea.

Finally, Plaintiff seeks to represent a broad class of persons who purchased any of Bigelow's teas within the last four years. However, Plaintiff alleges that she purchased only three specific Bigelow products – Green Tea, Green Tea with Lemon, and Green Tea Naturally Decaffeinated. (*Id.*, ¶ 114.) Moreover, Plaintiff only alleges specific statements that were made on the packaging for Green Tea with Lemon. (*Id.*, ¶ 6.) If these same or similar statements were listed on Bigelow's packaging for Green Tea and Green Tea Naturally Decaffeinated, Plaintiff should so clarify. Additionally, to the extent Plaintiff seeks to represent a class of persons who purchased other Bigelow tea products, she does not allege how the packaging on

these unspecified tea products is similar to the packaging on Green Tea with Lemon or the other two teas she purchased.

Upon review of the complaint and Bigelow's motion to dismiss, the Court is preliminarily inclined to allow most of Plaintiff's state-law claims to proceed. However, before ruling on the motion to dismiss, the Court finds that it would be beneficial for Plaintiff to amend her complaint to clarify her allegations and address the concerns noted above. Moreover, the Court is preliminarily inclined to dismiss Plaintiff's federal claims and her state law claim for unjust enrichment and to limit the scope of her purported class to persons who purchased Green Tea, Green Tea with Lemon, and Green Tea Naturally Decaffeinated. If the Court does so, the Court is mindful that it may lack jurisdiction under the Class Action Fairness Act ("CAFA") over a purported class of persons who purchased Green Tea, Green Tea with Lemon, and Green Tea Naturally Decaffeinated during the last four years. If Plaintiff does file an amended complaint, she should take care to show that the Court would have jurisdiction under CAFA of this more narrowed purported class.

If Plaintiff elects to file an amended complaint, she shall do so by no later than March 1, 2013. Bigelow may file an answer or move to dismiss the amended complaint by March 21, 2013. However, the Court counsels Bigelow that the Court did not find its arguments regarding preemption and abstention under the doctrine of primary jurisdiction persuasive.

**IT IS SO ORDERED.**

Dated: February 6, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3