United States District Court
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   ALEX KHASIN,

10          Plaintiff,                              No. C 12-02204 JSW

11      v.

12   R.C. BIGELOW, INC.,                            **ORDER GRANTING IN PART
                                                    AND DENYING IN PART
13          Defendant.                              DEFENDANT'S MOTION TO
                                                    DISMISS SECOND AMENDED
14   _____/             COMPLAINT OR, IN THE
                                                    ALTERNATIVE, TO STRIKE**
15

16          Now before the Court is the motion to dismiss the second amended complaint ("SAC")

17   or, in the alternative, to strike, filed by defendant R. C. Bigelow, Inc. ("Bigelow"). The Court

18   has considered the parties' papers, relevant legal authority, and the record in this case. The

19   Court grants in part and denies in part Bigelow's motion.

20                              **BACKGROUND**

21          Plaintiff Alex Khasin ("Plaintiff") brings this purported class action on behalf of himself

22   and all others similarly situated to contest Bigelow's alleged misrepresentations and

23   misbrandings on its packaging and on its website. Plaintiff alleges that Bigelow has made

24   statements in press releases and on its website that promote the presence of antioxidants in its

25   tea products. (SAC, ¶ 3.) On its green tea packages, Bigelow states on the front "HEALTHY

26   ANTIOXIDANTS." (*Id.*, ¶ 4.) On the back of its green tea packages, Bigelow states: "Mother

27   Nature gave us a wonderful gift when she packed powerful antioxidants into green tea." *Id.*

28   Plaintiff purchased three of Bigelow's green tea products – Green Tea with Lemon, Green Tea,

1  and Green Tea Naturally Decaffeinated.  (*Id.*)  Plaintiff alleges that he saw and relied upon

2  these statements and they influenced his purchase decision.  (*Id.*)

3       On the back of Bigelow's black tea products there is a statement that the tea "delivers

4  healthful antioxidants."  (*Id.*, ¶ 7.)  Plaintiff does not allege that he personally purchased any

5  black tea during the purported class period.

6       Plaintiff further alleges that Bigelow also makes misrepresentation regarding the

7  benefits of the antioxidants in its teas on its website.  (*Id.*, ¶ 10.)  Plaintiff read and relied on

8  these statements prior to purchasing Bigelow's tea products.  (*Id.*, ¶ 11, 14.)  Plaintiff alleges

9  that had known the truth, he would not have paid a premium for Bigelow's products or would

10  not have bought the products at all.  (*Id.*, ¶ 14)

11  **ANALYSIS**

12  **A.  Applicable Legal Standards.**

13       When a defendant moves to dismiss a complaint or claim for lack of subject matter

14  jurisdiction the plaintiff bears the burden of proving that the court has jurisdiction to decide the

15  claim.  *Thornhill Publ'n Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  A

16  motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be "facial or

17  factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial attack

18  on the jurisdiction occurs when factual allegations of the complaint are taken as true.  *Fed'n of*

19  *African Am. Contractors v. City of Oakland*, 96 F.3d 1204, 1207 (9th Cir. 1996).  The plaintiff

20  is then entitled to have those facts construed in the light most favorable to him or her.  *Id.*

21       A factual attack on subject matter jurisdiction occurs when defendants challenge the

22  actual lack of jurisdiction with affidavits or other evidence.  *Thornhill*, 594 F.2d at 733.  In a

23  factual attack, plaintiff is not entitled to any presumptions or truthfulness with respect to the

24  allegations in the complaint, and instead must present evidence to establish subject matter

25  jurisdiction.  *Id.*

26       A motion to dismiss is proper under Federal Rule of Civil Procedure 12(b)(6) where the

27  pleadings fail to state a claim upon which relief can be granted.  The complaint is construed in

28  the light most favorable to the non-moving party and all material allegations in the complaint

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1    are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). However, even

2    under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a plaintiff's

3    obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

4    conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell*

5    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265,

6    286 (1986)).

7       Pursuant to *Twombly*, a plaintiff must not merely allege conduct that is conceivable but

8    must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at

9    570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

10   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

11   *Ashcroft v. Iqbal*, 556 U.S.662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility

12   standard is not akin to a probability requirement, but it asks for more than a sheer possibility

13   that a defendant has acted unlawfully.... When a complaint pleads facts that are merely

14   consistent with a defendant's liability, it stops short of the line between possibility and

15   plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation

16   marks omitted).

17       In addition, when a plaintiff alleges fraud, Federal Rule of Civil Procedure 9(b) ("Rule

18   9(b)") requires the plaintiff to state with particularity the circumstances constituting fraud,

19   including the "'who, what, when, where, and how'" of the charged misconduct. *See United*

20   *States ex rel Ebeid v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quoting *Vess v. Ciba Geigy*

21   *Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)); *United States ex rel. Lee v. Smithkline*

22   *Beacham, Inc.*, 245 F.3d 1048, 1051 (9th Cir. 2001) ("Complaints brought under the FCA must

23   fulfill the requirements of Rule 9(b).") "[T]he plaintiff must set forth what is false or

24   misleading about a statement, and why it is false." *Ebeid*, 616 F.3d at 998 (omitting internal

25   quotations and citations).

26       Rule 9(b)'s particularity requirements must be read in harmony with Rule 8's

27   requirement of a "short and plain" statement of the claim. Thus, the particularity requirement is

28   satisfied if the complaint "identifies the circumstances constituting fraud so that a defendant can

prepare an adequate answer from the allegations." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989); *see also Vess*, 317 F.3d at 1106 ("Rule 9(b) demands that, when averments of fraud are made, the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong.") (internal quotation marks and citations omitted).

**B.      Bigelow's Motion to Dismiss.**

Bigelow argues that Plaintiff has not alleged sufficient facts to support an assertion of federal jurisdiction. Plaintiff relies on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1331(d)(2)(A), to establish jurisdiction. CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds five million dollars, (2) any plaintiff class member is a citizen of a state different from any defendant, (3) the primary defendants are not states, state officials, or other government entities against whom the district court may be foreclosed from ordering relief, and (4) the number of plaintiffs in the class is at least 100. 28 U.S.C. §§ 1332(d)(2), (d)(5). "[U]nder CAFA the burden of establishing ... jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Upon review of the SAC, the Court finds that Plaintiff has alleged sufficient facts at this procedural stage to establish federal jurisdiction and thus denies Bigelow's motion to dismiss on this ground. This Order is without prejudice to Bigelow moving at a later date to show that this Court lacks jurisdiction based on the facts developed in the record.

The Court previously considered Bigelow's arguments regarding preemption and abstention under the doctrine of primary jurisdiction and informed Bigelow that the Court did not find these arguments persuasive. In its motion to dismiss Plaintiff's SAC, Bigelow argues that the Court should reconsider in light of new and changing authority. Upon review of the additional authority cited to by Bigelow, the Court finds that it continues to find Bigelow's arguments regarding preemption and abstention to be unpersuasive. Accordingly, the Court denies Bigelow's motion to dismiss on these grounds.

United States District Court

For the Northern District of California

1    Upon review of Plaintiff's first amended complaint and Bigelow's motion to dismiss

2  that complaint, the Court informed the parties that it was preliminarily inclined to allow most of

3  Plaintiff's state-law claims to proceed.  However, the Court found that it would be beneficial for

4  Plaintiff to amend his complaint to clarify his allegations and address the Court's concerns.

5  Upon review of Plaintiff's SAC, the Court finds that he sufficiently clarified the allegations

6  underlying his claims and has sufficiently alleged his state-law claims, with the exception of his

7  claim for unjust enrichment.  Plaintiff clarified that his allegations center around Bigelow's

8  statements regarding antioxidants.  Moreover, Plaintiff has clarified the statements that he

9  viewed before and relied upon in purchasing the tea.  Although Plaintiff could have provided

10  more details, the Court finds that Bigelow has sufficient notice of the misconduct alleged.

11    Bigelow also challenges Plaintiff's standing to bring his claims, and to represent a class

12  of persons who purchased teas other than the three green teas he purchased.  To allege an

13  economic injury sufficient to establish standing under California's Unfair Competition Law,

14  Cal. Bus. & Prof. Code §§ 17200, *et seq.* and Fair Advertising Law, Cal. Bus. & Prof. Code §§

15  17500, *et seq.*, it is sufficient if a plaintiff alleges that he or she would not have purchased the

16  goods in question absent the misrepresentations at issue.  *See Hinojos v. Kohl's Corp.*,  --- F.3d

17  ---, 2013 WL 2159502, *4 (9th Cir. May 21, 2013) (citing *Kwikset Corp. v. Superior Court,* 51

18  Cal. 4th 310 (2011)).  Plaintiff has proffered such allegations here.  (SAC, ¶ 14.)

19    With respect to Plaintiff's standing to represent a class of persons who purchased teas

20  other than the three green teas he purchased, courts are divided on this issue.  However, "[t]he

21  majority of the courts that have carefully analyzed the question hold that a plaintiff may have

22  standing to assert claims for unnamed class members based on products he or she did not

23  purchase so long as the products and alleged misrepresentations are substantially similar."

24  *Miller v. Ghirardelli Chocolate Co.*, --- F. Supp. 2d ---, 2012 WL 6096593, *6 (N.D. Cal. Dec.

25  7, 2012) (citing*, Stephenson v. Neutrogena,* 2012 U.S. Dist. LEXIS 1005099 (N.D. Cal. July 27,

26  2012) (dismissing claims based on products not purchased because the purchased products were

27  not "similar enough to the unpurchased products such that an individualized factual inquiry was

28  not needed for each product"); *Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 WL 2990766,

United States District Court

For the Northern District of California

*11 (N.D.Cal. July 20, 2012) (noting that in most reasoned opinions, "the critical inquiry seems to be whether there is sufficient similarity between the products purchased and not purchased"); *Anderson v. Jamba Juice,* 888 F. Supp. 2d 1000, 1005-06 (N.D. Cal. 2012) (relying on *Astiana* for the same proposition)).

Here, the alleged misrepresentations on the packages and on Bigelow's website with respect to its green tea products all appear to be identical. However, with respect to the alleged misrepresentations on the packages and on Bigelow's website with respect to its black tea products, the Court finds such statements to be too dissimilar to enable Plaintiff to represent such purchasers. In particular, the Court notes that there are two alleged misrepresentations on the green tea products, as opposed to one on the black tea products. Moreover, Bigelow promotes the presence of antioxidants in all capital letters on the front of its green tea packages, as opposed to in a sentence, in lower case letters, on the back of its black tea packages. Additionally, the alleged statements on Bigelow's website differ with respect to its green and black tea products. Accordingly, while the Court finds that Plaintiff may represent purchasers of Bigelow's green tea products, in addition to the three he purchased, Plaintiff does not have standing to represent purchasers of Bigelow's black tea products.

Finally, Bigelow moves to dismiss Plaintiff's claim for unjust enrichment. Under California law, unjust enrichment is a theory of recovery, not an independent legal claim. *Melchoir v. New Line Productions, Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("[T]here is no cause of action in California for unjust enrichment."); *see also McKell v. Wash. Mut., Inc.*, 142 Cal. App. 4th 1457, 1490 (2006) ("There is no cause of action for unjust enrichment. Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust."). Therefore, although Plaintiff may be entitled to recovery for unjust enrichment under other theories of liability, a claim for unjust enrichment does not constitute a stand-alone cause of action.[1]

---

[1] Some courts have found that it is unclear whether California law recognizes a claim for "unjust enrichment" as a separate claim and have chosen to allow a claim for unjust enrichment. *See, e.g.*, *Nordberg v. Trilegiant Corp.*, 445 F. Supp. 2d 1082, 1100 (N.D. Cal. 2006). However, this Court believes the better course is to allow Plaintiff to pursue recovery

6

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Bigelow's motion to dismiss or, in the alternative, to strike. The Court is dismissing Plaintiff's claim for unjust enrichment and finds that Plaintiff does not have standing to represent purchasers of Bigelow's black tea products. The Court denies Bigelow's motion in all other respects.

The Court HEREBY RESETS the case management conference in this matter for June 28, 2013 at 1:30 p.m. The parties shall file a joint case management statement by no later than June 21, 2013.

**IT IS SO ORDERED.**

Dated: May 31, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

_for unjust enrichment under other theories of liability._

United States District Court

For the Northern District of California

7