UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX KHASIN,<br><br>    Plaintiff,<br><br>    v.<br><br>R. C. BIGELOW, INC.,<br><br>    Defendant. | Case No. 12-cv-02204-WHO<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 84 |

## INTRODUCTION

Plaintiff Alex Khasin moves for leave to file a third amended complaint against Defendant R.C. Bigelow, Inc. to add a claim of unjust enrichment. This Court previously dismissed Khasin's unjust enrichment claim without prejudice. Dkt. No. 62. Pursuant to Civil Local Rule 7-1(b), I find this matter appropriate for resolution without oral argument and I VACATE the hearing set for July 8, 2015. Because of a recent Ninth Circuit decision establishing that an unjust enrichment claim can be construed as a viable stand-alone cause of action in California, Khasin has good cause to amend the complaint and his motion is GRANTED.

## BACKGROUND

Bigelow manufactures and sells tea products. Khasin alleges that Bigelow made false health claims by promoting the presence of antioxidants in its tea products and claiming associated health benefits. Second Amended Complaint ("SAC") ¶¶ 3-4 [Dkt. No. 50]. The unlawful health claims appear on Bigelow's product labels, websites, press releases, and other marketing and advertising materials. *Id.* ¶¶ 3-4 (package states "*Healthy Antioxidants*"). Similar health claims "have been repeatedly targeted by the FDA as unlawful for tea and other food products." *Id.* ¶ 4. Khasin contends that he relied on and was influenced by these false claims when purchasing

Bigelow's tea products, and that this misrepresentation has resulted in unjust profits for Bigelow. *Id*.

As filed, the SAC included claims under the California Consumer Legal Remedies Act, the Unfair Competition Law, and the False Advertising Law, and a claim for disgorgement based upon unjust enrichment. *Id.* ¶¶ 139-201. The Hon. Jeffrey S. White dismissed the unjust enrichment claim on May 31, 2013, explaining that "[u]nder California law, unjust enrichment is a theory of recovery, not an independent legal claim." Dkt. No. 62 at 6. The last day to amend pleadings was August 29, 2014. Dkt. No. 83.

Khasin now seeks leave to amend the SAC to re-assert the unjust enrichment cause of action, following the Ninth Circuit's recent holding in *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015), that unjust enrichment is, in some circumstances, a viable cause of action.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 16 governs "when a party seeks to amend a pleading after the pretrial scheduling order's deadline for amending the pleadings has expired." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). Under Rule 16, a schedule may be modified for good cause and with the judge's consent. FED. R. CIV. P. 16(b)(4). "While a court may take into account any prejudice to the party opposing modification of the scheduling order, the focus of the Rule 16(b) inquiry is upon the moving party's reasons for seeking modification." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d at 737 (internal citations and quotations omitted). The "good cause" evaluation "primarily considers the diligence of the party seeking the amendment." *Id.* (internal citations and quotations omitted).

If the party demonstrates "good cause," then the party must further demonstrate that leave to amend is appropriate under Federal Rule of Civil Procedure 15. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) (citation omitted). Courts consider five factors when deciding whether to grant a motion for leave to amend pursuant to Rule 15: (i) bad faith on the part of the movant; (ii) undue delay in filing the motion; (iii) prejudice to the opposing party; (iv) futility of amendment; and (v) whether the plaintiff has previously amended the

1  complaint. *See United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (citation
2  omitted). Not all factors are weighed equally; consideration of prejudice to the opposing party
3  carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.
4  2003) (citation omitted).

5      If a party moves to amend its complaint instead of moving to amend the scheduling order,
6  the court may exercise discretion to deny the motion as untimely or construe the motion as one to
7  amend the scheduling order. *See Johnson*, 715 F.3d at 608-09 ("court may deny as untimely a
8  motion filed after the scheduling order cut-off date where no request to modify the order has been
9  made") (citation omitted).

## DISCUSSION

11      Unjust enrichment "broadly provides that a person who is unjustly enriched at the expense
12  of another is subject to liability in restitution." *Fenerjian v. Nongshim Co., Ltd.*, 13-cv-04115-
13  WHO, 2014 WL 5685562, at *19 (N.D. Cal. Nov. 4, 2014) (internal citations and quotations
14  omitted). "[A] plaintiff advances a basis for obtaining restitution if he or she demonstrates
15  defendant's receipt and unjust retention of a benefit." *Monet v. Chase Home Fin., LLC*, 10-cv-
16  0135-RS, 2010 WL 2486376, at *3 (N.D. Cal. June 16, 2010) (internal citations and quotations
17  omitted).

18      California courts have been split on whether unjust enrichment is an independent claim or
19  merely an equitable remedy under California law. *See In re TFT-LCD (Flat Panel) Antitrust
20  Litig.*, 10-cv-5625-SI, 2011 WL 4345435, at *3 (N.D. Cal. Sept. 15, 2011) (discussing
21  disagreement among California state and district courts about whether unjust enrichment is a
22  viable stand-alone claim).

23      The Ninth Circuit recently clarified the law regarding unjust enrichment in California,
24  holding that while "there is not a standalone cause of action for unjust enrichment, which is
25  synonymous with restitution . . . [w]hen a plaintiff alleges unjust enrichment, a court may construe
26  the cause of action as a quasi-contract claim seeking restitution." *Astiana*, 783 F.3d at 762
27  (internal citations and quotations omitted). The Ninth Circuit also instructed that a claim for
28  unjust enrichment should not be dismissed as duplicative or superfluous of other claims because a

party may set out alternative claims. *Id.* (citing FED. R. CIV. P. 8(d)(2)). In *Astiana*, the plaintiff alleged that "false or misleading product labels duped consumers seeking natural cosmetics into purchasing products that were chock-full of artificial and synthetic ingredients." *Id.* at 756. The Ninth Circuit held that the plaintiff's corresponding allegation that the defendant had enticed plaintiffs "to purchase their products through false and misleading labeling, and that [defendant] was unjustly enriched as a result," was "sufficient to state a quasi-contract cause of action." *Id.* at 762.

Khasin seeks to amend his complaint to add a claim for unjust enrichment, arguing that *Astiana* clarified the unsettled state of the law and established that "a claim for unjust enrichment can proceed along with statutory claims for relief under the CLRA, UCLA and PAL." Dkt. No. 84 at 1.

## I.  PLAINTIFF HAS GOOD CAUSE TO MODIFY THE SCHEDULING ORDER[1]

*Astiana* is new Ninth Circuit authority that gives Khasin good cause to modify the scheduling order so that he can amend his complaint to add a cause of action for unjust enrichment. *See Ruiz v. Affinity Logistics Corp.*, 2009 WL 648973, at *9 (S.D. Cal. Jan. 29, 2009) (allowing defendant to amend affirmative defenses after deadline had passed because of relevant new legal authority); *Hood v. Hartford Life and Accident Ins. Co.*, 567 F. Supp. 2d 1221, 1225 (E.D. Cal. 2008) (plaintiff had good cause to amend complaint in part because new district court decision "made plaintiff aware of the viability of a [new] claim").

Khasin alleges that "[a]s a result of Defendant's unlawful, fraudulent and misleading labeling, advertising, marketing and sales of Defendant's Misbranded Food Products, Defendant was enriched at the expense of Plaintiff and the Class." Proposed Third Am. Compl. ¶ 210 [Dkt. No. 84-1]. Khasin also contends that "Plaintiff and the Class paid a premium for the Misbranded Food Products" and that "it would be unjust and inequitable for Defendant to retain the benefit

---

[1] I construe Khasin's motion for leave to amend the complaint as a motion to modify the scheduling order. *See Launch, LLC v. PC Treasures, Inc.*, 05-cv-0695-PJH, 2006 WL 1142535, at *1 (N.D. Cal. Apr. 28, 2006) ("[t]he court treats a motion for leave to amend pleadings after the scheduling order deadline as a motion to modify the scheduling order").

without restitution to Plaintiff and the Class of all monies paid to Defendant for the products at issue." *Id.* ¶ 211. Under *Astiana*, these unjust enrichment allegations are sufficient to state "a quasi-contract claim seeking restitution." *See Astiana*, 783 F.3d at 762 ("Common law principles of restitution require a party to return a benefit [obtained through mistake, fraud, coercion, or request] when the retention of such benefit would unjustly enrich the recipient; a typical cause of action involving such remedy is quasi-contract.") (internal citations and quotations omitted).

In the aftermath of *Astiana*, other district courts have likewise allowed plaintiffs to state unjust enrichment claims based on similar allegations. *See, e.g.*, *Romero v. Flowers Bakeries, LLC*, 14-cv-05189-BLF, 2015 WL 2125004, at *9 (N.D. Cal. May 6, 2015) (in light of *Astiana*, a claim that "Defendant 'entic[ed]' Plaintiff and putative class members to purchase the products at issue through 'false and misleading' packing and labels, and that Defendant was 'unjustly enriched' thereby" was "sufficient to state a quasi-contract cause of action") (citation omitted); *Trazo v. Nestlé USA, Inc.*, 12-cv-02272-PSG (N.D. Cal. Apr. 24, 2015) (order granting motion for leave to file motion for reconsideration) ("[w]hatever this court's own views may be [on unjust enrichment as a cause of action], it fully appreciates that whenever the appellate courts say jump, the only remaining question is how high"). I agree with their analysis and find that good cause to amend exists.

## II.     BIGELOW HAS NOT DEMONSTRATED THAT IT WILL BE PREJUDICED BY KHASIN'S AMENDMENT

Bigelow argues that even if "good cause" exists, leave to amend should be denied under Rule 15 because of the prejudice it will face. It asserts that the parties have already engaged in substantial discovery, and allowing amendment to the complaint will delay discovery, delay plaintiff's class certification motion, and may require that the litigation schedule be amended.[2] Dkt. No. 89 at 4. But discovery is scheduled to remain open for nearly another year and trial is approximately fifteen months away. Am. Civ. Pretrial Order [Dkt. No. 88]. In light of that schedule, Bigelow's general allegations of delay do not establish that it will be prejudiced.

---

[2] Bigelow does not argue that amending the complaint would be futile or that Khasin acted in bad faith or unduly delayed in filing the motion for leave to amend the complaint.

5

*Compare Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of motion to amend because "the motion was filed only several days before the discovery cut-off and less than three months before trial was to commence") (internal quotation marks omitted), *and Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("[a] need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint") (citation omitted), *with Adams v. Kraft*, 10-cv-00602-LHK, 2010 WL 4939440, at *4 (N.D. Cal. Nov. 30, 2010) ("[n]either delay resulting from the proposed amendment nor the prospect of additional discovery needed by the non-moving party in itself constitutes a sufficient showing of prejudice") (citations omitted).

Bigelow does not argue that adding the unjust enrichment claim would materially change the relevant underlying facts or issues. *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (finding prejudice in part because the "additional claims advance different legal theories and require proof of different facts"). It rather ominously says that it has "grave concerns" that there are "many more changes in the proposed amended complaint than articulated by Plaintiff." Dkt. No. 89 at 4. Yet it identifies *none* of these changes, nor explains how the changes would prejudice it. This is hardly persuasive. In sum, Bigelow has not demonstrated that it will be prejudiced by Khasin amending the complaint. Accordingly, because there is good cause to amend and Bigelow has not shown any prejudice, I will GRANT the motion to amend.

## CONCLUSION

Khasin's motion for leave to amend the second amended complaint is GRANTED. Khasin shall file his third amended complaint as a separate docket entry within ten days.

**IT IS SO ORDERED**.

Dated: July 7, 2015

WILLIAM H. ORRICK
United States District Judge

6