UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX KHASIN,<br><br>    Plaintiff,<br><br>    v.<br><br>R. C. BIGELOW, INC.,<br><br>    Defendant. | Case No. 12-cv-02204-WHO<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 102 |

Plaintiff Alex Khasin requests leave to file a motion for reconsideration of my August 12, 2015 Order Regarding Dispute Over Discovery of Profits, in which I denied his request to seek discovery of defendant R.C. Bigelow, Inc.'s profits and costs. Dkt. No. 98. Khasin asserts that my holding is "untenable" in light of a new California Supreme Court decision and the proper parameters of restitution, profit disgorgement and other potential remedies he believes he is entitled to. Dkt. No. 102 at 2. Khasin's motion repeats previously made arguments and has failed to meet the required standard for motions for leave for reconsideration under Civil Local Rule 7-9(b). His motion for leave to file a motion for reconsideration is DENIED.

**LEGAL STANDARD**

Under Civil Local Rule 7-9(b), a party may be granted leave to file a motion for reconsideration of an interlocutory order when the party demonstrates both "reasonable diligence in bringing the motion" and at least one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law

> occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). The applying party may not repeat any oral or written argument it made in its support or opposition to the interlocutory order that it is not seeking to have reconsidered. Civil L.R. 7-9(c).

## DISCUSSION

It is worth remembering that I granted Khasin leave to add a cause of action for unjust enrichment seeking the restitutionary disgorgement of the premium paid for mislabeled products. Dkt. No. 93 at 4-5. He had not previously sought nonrestitutionary disgorgement of profits, and in his Third Amended Complaint he expressly sought restitution based on the price premium. Dkt. No. 94. He now seeks profit disgorgement and asserts that reconsideration of my ruling is warranted here because: (1) an intervening change in California law supports a different conclusion; and, (2) my decision to deny his requested discovery was clearly erroneous.

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law"). *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks and citations omitted). Khasin's arguments do not meet this standard.

There is no intervening change in law, and Khasin's portrayal of *Hartford Casualty Insurance Co. v. J.R. Marketing, L.L.C*., 61 Cal. 4th 988 (2015) as one mischaracterizes the decision. *Hartford* involves a dispute between an insurer and an insurance company over legal fees. The case analyzes "who is 'unjustly' enriched if independent counsel representing the insured, but compensated by the insurer, are allowed to retain payments that were unreasonable and unnecessary for the insureds' defense against any claim." *Id*. at 999. Critically, *Hartford*'s discussion of unjust enrichment is tied to the facts and procedural history of that case. "We emphasize that our conclusion hinges on the particular facts and procedural history of this litigation." *Id*. The only aspect of the opinion that could be portrayed as a "change" of law is narrowly confined to the question of the unjust enrichment of insureds' counsel when counsel's

1  fees are excessive and not incurred for the benefit of the insured.  *Id*.  It does not represent a
2  relevant intervening change in the law in this case.
3        Khasin's second argument expands on what he wrote in the Joint Statement of Counsel
4  Concerning Discovery Dispute.  Dkt. No. 96 at 2-3.  But a motion for reconsideration may not be
5  used to relitigate old matters and "may not be used to raise arguments or present evidence for the
6  first time when they could reasonably have been raised earlier in the litigation."  *Kona*, 229 F.3d at
7  890.
8        I have explained why I think Khasin is wrong: consistent with my colleagues, I held that
9  "[t]he proper measure of restitution in a mislabeling case is the amount necessary to compensate
10  the purchaser for the difference between a product as labeled and the product as received, not the
11  full purchase price or all profits."  *Trazo v. Nestle USA, Inc.*, 12-cv-02272-PSG, 2015 WL
12  4196973, at *3 (N.D. Cal. July 10, 2015) (citations omitted); *see also Ivie v. Kraft Foods Global,*
13  *Inc.*, 12-cv-02554-RMW, 2015 WL 183910, at *2 (N.D. Cal. Jan. 14, 2015) ("plaintiffs may only
14  recover restitutionary damages, which would be the price premium attributable to the offending
15  labels, and no more"); *Brazil v. Dole Packaged Foods, LLC*, 12-cv-01831-LHK, 2014 WL
16  5794873, at *5 (N.D. Cal. Nov. 6, 2014) ("The proper measure of restitution in a mislabeling case
17  is the amount necessary to compensate the purchaser for the difference between a product as
18  labeled and the product as received.").  Khasin's disagreement with my ruling is not grounds for a
19  motion for reconsideration.
20        Khasin asserts again that he needs information regarding Bigelow's profits, net profit, and
21  cost information because it is central to his restitution claim under the Unfair Competition Law.
22  However, he never explains why Bigelow's gross sales and the retail pricing of products,
23  information Bigelow stated without contradiction that Khasin has already been provided or has
24  ready access to, Dkt. No. 96 at 5, is insufficient if he is limited to the price premium measure I
25  have held is appropriate, or how the documents he seeks would allow him to propose a viable
26  damages theory.
27        Khasin misreads the cases that he says have recognized "profits based recovery models,"
28  *Astiana v. Ben & Jerry's Homemade, Inc.*, No. 10-cv-4387- PJH, 2014 WL 60097 (N.D. Cal. Jan.

7, 2014); *Thurston v. Bear Naked, Inc.*, No. 11-cv-2985, 2013 WL 5664985 (S.D. Cal. July 30, 2013) (decided the same day by the same judge using the same analysis as *Astiana v. Kashi Co.*, 291 F.R.D. 493 (S.D. Cal. 2013), a case Khasin also cited); *Zeisel v. Diamond Foods, Inc.*, No. 10-cv-01192-JSW, 2011 WL 2221113 (N.D. Cal. June 7, 2011). In each, the courts considered damages when evaluating commonality and predominance to determine whether class certification was appropriate. Plaintiffs claimed for purposes of obtaining class certification that they could show damages using documents relating to net sales, profits, costs and retail prices. Each court pointed out that at the class certification stage, plaintiffs needed to present a viable theory to calculate damages, but also that it is not necessary to show that the method will work with certainty. *Astiana v. Ben & Jerry's*, 2014 WL 60097 at *12-13; *Thurston*, 2013 WL 5664985 at *10; *Zeisel*, 2011 WL 2221113 at *10. Importantly, none of them found that profits based recovery models are appropriate as an unjust enrichment remedy in a mislabeling case. *See Zeisel*, 2011 WL 2221113 at *10 (specifically not endorsing any theory of damages); *Astiana*, 2014 WL 60097 at *10 (endorsing a damages theory attaching a dollar value to the "consumer impact or advantage" caused by the unlawful practices by calculating restitution by taking the difference between the market price actually paid and the true market price that reflects the impact of the unlawful practice, which is consistent with the price premium standard). Similarly, *Thurston* and *Astiania v. Kashi Co.,* identified a measure representing the disparity between the expected and received value, which is again consistent with the price premium standard. *Thurston*, 2013 WL 5664985 at *10; *Astiana*, 2014 WL 60097 at *12.

In sum, the law has not changed since I issued my ruling on August 12, 2015, and Khasin has identified no manifest error that would make reconsideration appropriate. I DENY his motion for reconsideration.

4

## CONCLUSION

Khasin's request for leave to file a motion for reconsideration is DENIED.

**IT IS SO ORDERED**.

Dated: September 21, 2015



WILLIAM H. ORRICK
United States District Judge