UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX KHASIN,<br><br>    Plaintiff,<br><br>    v.<br><br>R. C. BIGELOW, INC.,<br><br>    Defendant. | Case No. 12-cv-02204-WHO<br><br>**ORDER GRANTING R.C. BIGELOW, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 124 |

## INTRODUCTION

Plaintiff Alex Khasin alleges that R.C. Bigelow ("Bigelow") mislabeled its green tea products by including the phrases "healthy antioxidants" and "packed powerful antioxidants" on the front and back panels of its product labels, originally asserting causes of action under California's Unfair Competition Law ("UCL"), Consumers Legal Remedies Act ("CLRA"), False Advertising Law ("FAL"), and bringing a claim for restitution based on unjust enrichment and quasi-contract on behalf of a putative class. Fourth Amended Complaint ("FAC") ¶ 4 (Dkt. No. 104). After extensive motion practice, only his unlawful UCL claim and claim for unjust enrichment remain. I also denied Khasin's motion for class certification, concluding that Khasin had not presented a plausible damages model nor established standing for injunctive relief. Dkt. No. 115 at 5.

Bigelow now moves for summary judgment on the remaining claims. It argues that no material issues of fact exist because Khasin (1) cannot show Bigelow's label statements are false or misleading, (2) has no evidence that a reasonable consumer is likely to be misled by the label statements, (3) has presented only flawed evidence that the label statements are material, (4) has presented no evidence of actual reliance, (5) has presented no evidence of damages, and (6) cannot show a real or immediate threat to support his claims for injunctive relief. Motion for Summary

Judgment ("Mot.") 1, (Dkt. No. 124). I now GRANT Bigelow's motion for summary judgment: Khasin has failed to provide evidence that a reasonable consumer is likely to be misled by Bigelow's statements; he has not presented evidence in support of a claim for damages; and he cannot establish standing for injunctive relief.[1]

## BACKGROUND

In his Fourth Amended Complaint, Khasin argues that the phrases "healthy antioxidants" and "packed powerful antioxidants" listed on Bigelow's green tea products suggest that the tea contains a certain amount of antioxidant nutrients and that because of this specific nutrient content, the tea has a beneficial and healthful effect on humans. FAC ¶ 52, 72. He alleges that the Food and Drug Administration ("FDA") has not set a recommended daily intake for flavonoids or polyphenols, the kind of antioxidants in green tea, and that there is no recognized consensus that the antioxidants in tea "have recognized antioxidant activity" or provide antioxidant health benefits. *Id.* ¶ 70. He contends that Bigelow's green tea products are "misbranded as a matter of law" and are "legally worthless." *Id.* ¶ 67.

Khasin purchased three of Bigelow's Green Tea Products: Green Tea, Green Tea with Lemon, and Green Tea Naturally Decaffeinated. *Id.* ¶ 11. He states that he read and "reasonably relied on "the antioxidant, nutrient content and health labeling claims including the 'healthy antioxidants,' and 'packed with powerful antioxidants' claims and based and justified the decision to purchase [Bigelow's] products in substantial part on [Bigelow's] package labeling including the antioxidant, nutrient content and health labeling claims." *Id.* ¶ 13. He "did not know, and had no reason to know," that the products were misbranded and would not have bought the products, or paid a "premium" for them, had he known the truth. *Id.* ¶ 15. After learning that the Green Tea Products were falsely labeled, he stopped purchasing them. *Id.* ¶ 17.

In support of Bigelow's defense that its label statements are not false or misleading to consumers, Bigelow presents the declaration and report of its expert Dr. Blumberg who opines

---

[1] The analysis in this Order matches the analysis in the Order filed today in *Victor v. R. C. Bigelow, Inc.*, 13-cv-02976 (WHO) (N.D. Cal., Aug. 29, 2016), concerning Bigelow's motion for summary judgment on Victor's claims regarding Bigelow's black tea products.

1    that Bigelow's statements are true and accurate because its tea does contains antioxidants and
2    antioxidants have proven health benefits.  Blumberg Decl. ¶ 3, (Dkt. No. 124-5).  In his
3    Opposition, Khasin offers in rebuttal an article published by the Lipton Institute of Tea that he
4    contends directly contradicts Dr. Blumberg's claims.  Khasin Opposition ("Oppo.") 21, (Dkt. No.
5    125).  Khasin does not present any extrinsic evidence that Bigelow's claims are likely to mislead
6    consumers.

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In order to prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the non-moving party's claim, or to a defense on which the non-moving party will bear the burden of persuasion at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to identify "specific facts showing there is a genuine issue for trial." *Id.*  The party opposing summary judgment must then present affirmative evidence from which a jury could return a verdict in that party's favor.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 257 (1986).

On summary judgment, the court draws all reasonable factual inferences in favor of the non-movant.  *Id.* at 255.  In deciding a motion for summary judgment, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge."  *Id.*  However, conclusory and speculative testimony does not raise genuine issues of fact and is insufficient to defeat summary judgment.  *See Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

## DISCUSSION

In order to sustain his mislabeling claims under the UCL, FAL, and CLRA, Khasin must establish that (1) Bigelow's labeling statements violate labeling regulations, (2) he actually relied on the labeling statements in deciding to purchase the products, and (3) he suffered "economic injury." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 323 (2011).

Further, "UCL, FAL, and CLRA claims grounded in fraud are governed by the 'reasonable consumer test." *Ries v. Arizona Beverages USA LLC*, No. 10-01139 RS, 2013 WL 1287416, *3 (N.D. Cal. Mar. 28, 2013). Under the reasonable consumer test, a plaintiff must demonstrate "that members of the public are likely to be deceived" by the allegedly false, misleading, or unlawful statements. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008).

Khasin has failed to provide evidence sufficient to establish that a reasonable consumer is likely to be misled by Bigelow's statements. In addition, he has not provided evidence that would allow a trier of fact to calculate a damage award in his favor and has not demonstrated any economic injury. And, as discussed in my prior order, he has not established standing for injunctive relief. Dkt. No. 115 at 5. Bigelow is entitled to summary judgment on all of Khasin's claims.

## I. WHETHER THE CLAIMS ARE LIKELY TO DECEIVE

Khasin's factual claim is that Bigelow's green tea products contained the unlawful claims "healthy antioxidants" and "packed powerful antioxidants." FAC ¶ 3. He asserts that these claims do not meet the FDA regulations for food labeling and are therefore "misbranded" and illegal as a matter of California and federal law. *Id.* ¶ 19. He contends that "had he known the truth that the products were misbranded and did not in fact contain recognized and accepted nutritional and healthful value, Plaintiff would not have paid a premium for the products, or would not have bought the products at all." *Id.* ¶ 23.

Bigelow has presented evidence from its expert, Dr. Blumberg, that its green tea contains antioxidants. Khasin has not attempted to rebut this evidence. Blumberg Decl. ¶ 16. It is therefore not in dispute that Bigelow's green tea contains antioxidants. Khasin contends, however, that Blumberg does not provide sufficient evidence to demonstrate that the antioxidants in green tea are "healthy" or have any healthful benefits. Oppo. 20. Khasin adds that even if the statements on Bigelow's labels are true, that is irrelevant because they fail to meet California and Federal labeling requirements and are therefore unlawful. *Id.*

Khasin's position lacks merit. It is not, as Khasin asserts, Bigelow's "burden to establish the truth of the statements at issue if Defendant wishes to rely upon the truth of the statement as a

4

basis for summary judgment." *Id.* Under the reasonable consumer test, Khasin is required to provide evidence that Bigelow's statements are likely to deceive consumers. *Williams*, 552 F.3d 938. A party may succeed on a motion for summary judgment by showing that "the nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1106 (9th Cir. 2000). Bigelow does not need to prove that its statements are true or that its statements are not misleading. It can succeed on summary judgment by showing that Khasin has failed to provide sufficient evidence that the statements are likely to mislead.

It is also incorrect that the truth or falsity of Bigelow's statements is irrelevant if they are unlawful as a matter of California and federal law. Oppo. 20. Even if I assume the labels are unlawful, whether the statements are true remains relevant as it is probative of whether they are likely to deceive a reasonable consumer. *Ries*, 2013 WL 1287416, *7 (N.D. Cal. Mar. 28, 2013) (no material issue of fact regarding whether the term "natural" was misleading where plaintiffs presented no evidence that the label was false or likely to confuse consumers). If Bigelow's label statements are true, it is not likely that they would deceive a reasonable consumer. *Id.*

While Bigelow does not have the burden of proving its statements are accurate, it has presented evidence that its label statements are true and therefore, unlikely to mislead or deceive reasonable consumers. Blumberg Decl. ¶ 16. While Khasin attacks the accuracy of Blumberg's report and research, he does not provide any actual evidence to rebut Blumberg's declaration. Oppo. 20.

The Lipton Institute of Tea article Khasin includes in his Opposition is not admissible evidence. Dkt. No. 125-5. As Bigelow argues in its Reply, this non peer-reviewed article, purportedly written by Dr. Jane Rycroft, whom Khasin has not designated as an expert, is hearsay, has not been sworn to or made under oath, and has not been properly authenticated. Reply 11, (Dkt. No. 130). This article fails to meet the standards for admissibility under Federal Rules of Evidence 602 or 703 and must be excluded under Rule 403. Fed. R. Evid. 602, 703, 403. (Notably, even if the article is considered on the merits, it does little to help Khasin's claim. While the article notes that "dietary antioxidants reducing free radicals damage in humans has not

1    been found," it also notes that "tea flavonoids have strong antioxidant properties" and that "tea
2    consumption in linked with various health benefits." Dkt. No. 125-5 at 4-5.).

3    Khasin provided no affirmative evidence that Bigelow's statements are in fact false or
4    inaccurate; he only attempted to undermine the credibility of Bigelow's expert. This is
5    insufficient to create a material issue of fact. *See National Union Fire Ins. Co. of Pittsburgh, Pa.*
6    *v. Argonaut Ins. Co.*, 701 F.2d 95, 96-97 (9th Cir. 1983) ("[N]either a desire to cross-examine an
7    affiant nor an unspecified hope of undermining his or her credibility suffices to avert summary
8    judgment" where the non-moving party has "offered no evidence.").

9    Similarly, Khasin has presented insufficient evidence that Bigelow's label statements are
10   likely to deceive a reasonable consumer. Khasin's deposition testimony and the declaration of Dr.
11   Edward Scarbrough do not support Khasin's claim that the statements are misleading to
12   consumers and fail to create a material issue of fact.

13   Khasin testified that he was deceived because he "assum[es] everything I see on
14   packaging meets [FDA regulations]" and the claim "healthy antioxidants" does not meet FDA
15   regulations for nutritional labeling. Khasin Depo 73: 21-22 (Dkt. No. 125-2). However, he
16   admitted that he did not and does not know what the FDA regulations are and did not have any
17   specific understanding of the nutritional requirements for food labeling. *Id.* at 35: 20-36:4. His
18   testimony reveals that he took the label statements to mean simply that Bigelow's tea contained
19   healthy antioxidants and was "generally beneficial to my health." *Id.* at 70: 14-21. Khasin's
20   testimony suggests that he was not misled--he does not dispute that Bigelow's tea contains
21   antioxidants and is generally beneficial to health.

22   Further, regardless of whether Khasin's testimony suggests that he was misled, individual
23   testimony is insufficient to establish that a reasonable consumer is likely to be misled as required
24   under the reasonable consumer test. *Haskell v. Time, Inc.*, 965 F. Supp. 1398, 1407 (N.D. Cal.
25   1997) ("[A]necdotal evidence alone is insufficient to prove that the public is likely to be misled.").
26   A plaintiff must "demonstrate by extrinsic evidence, such as consumer survey evidence, that the
27   challenged statements tend to mislead consumers." *Id.* Khasin presented no extrinsic evidence in
28   support of his conclusory statement that Bigelow's claims are likely to mislead consumers.

1   Khasin's reliance on Scarbrough's declaration similarly fails as Scarbrough offers no
2  opinion on whether Bigelow's label statements are likely to mislead reasonable consumers.
3  Scarbrough Decl. (Dkt. No. 125-4). Scarbrough's only discussion regarding whether the Bigelow
4  claims are misleading is indirect and wholly conclusory. *Id.* at 5-6. He implies that Bigelow's
5  antioxidant claims were misleading because they could not meet the lowest minimum threshold
6  for a nutrient content claim, which he asserts is the "lowest level that a nutrient can be present in a
7  food before it becomes deceptive and misleading to highlight its presence in a nutrient content
8  claim." He seems to say that because Bigelow's claims did not meet FDA requirements they are
9  misleading as a matter of law. *Id.* Scarbrough's conclusory statements, which only tangentially
10 address Khasin's specific claim, cannot create a material issue of fact. *See Thornhill Publ'g Co.,*
11 *Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

12  Khasin has not offered any evidence to explain why the phrase "healthful antioxidants" is
13 false or likely to mislead a reasonable consumer. As he has presented no plausible evidence, he
14 cannot show that "it is probable that a significant portion of the consumer public or of targeted
15 consumers, acting reasonably under the circumstances, could be misled." *Lavie v. Proctor &*
16 *Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003). Because he bears the burden of proving this
17 element and has failed to provide any evidence on this point, he has failed to create a material
18 issue of fact as to whether reasonable consumers are likely to be misled by Bigelow's labels.
19 Bigelow is therefore entitled to summary judgment on Khasin's UCL, CLRA, and FAL claims.

20 **II.   WHETHER KHASIN PROVIDED ADEQUATE EVIDENCE OF DAMAGES**

21  In addition, Bigelow argues that summary judgment is appropriate because Khasin has
22 failed to create a triable issue of fact to support his claims for restitution. Mot. 17. "The False
23 Advertising Law, the Unfair Competition Law, and the CLRA authorize a trial court to grant
24 restitution to private litigants asserting claims under those statutes." *Colgan v. Leatherman Tool*
25 *Grp.*, 135 Cal. App. 4th 663, 694 (2006). "There must be evidence that supports the amount of
26 restitution necessary to restore to the plaintiff 'any money . . . which may have been acquired by
27 means of such unfair competition.' " *In re Google AdWords Litig.*, 2012 WL 28068 at *15 (N.D.
28 Cal. Jan. 5, 2012).

As I stated in my prior orders, "the proper measure of restitution in a mislabeling case is the amount necessary to compensate the purchaser for the difference between a product as labeled and the product received, not the full purchase price or all profits." Dkt. No. 115 at 5; *see also Brazil v. Dole Packaged Food, LLC*, No. 12-cv-01831-LHK, 2014 WL 5794873, at *5 (N.D. Cal. Nov. 6, 2014) (finding that "[t]he proper measure of restitution in a mislabeling case is the amount necessary to compensate the purchaser for the difference between a product as labeled and the product as received") (internal citations and quotation marks omitted).

At class certification, Khasin failed to present a plausible methodology for calculating restitution or damages, instead alleging that "the product as received has a value of $0" and therefore that "the measure of the restitution is the average retail purchase price minus $0." Dkt. No. 105 at 21-22.

Now, in his Opposition to Bigelow's motion, Khasin fails to offer any evidence in support of a claim for restitution or to offer an alternative to his full-purchase-price damages theory. Instead, in support of his claim for unjust enrichment, Khasin argues that "it is the Defendant who must bear the burden of demonstrating a downward deviation, or suffer maximum disgorgement." Oppo. 17. In support of this claim, he cites to *Sheldon v. Metro-Goldwyn Pictures Corp.*, a 1939 case on the attribution of profits from copyright infringement in which the Second Circuit discussed a defendant's burden to separate comingled funds during a copyright infringement accounting. 106 F.2d 45, 48-51 (2nd Cir. 1939). That case does not come close to addressing the issues here. Khasin insists that Bigelow, as the wrongful actor, has the burden of proving it is not liable for the full purchase price of its products. Oppo. 23. He ignores foundational legal principles and the standard I have repeated multiple times in this case to insist that despite having proved no wrongdoing, and having offered no evidence in support of damages, he is entitled to monetary compensation. *Id.* He cannot survive summary judgment when he has provided no evidence in support of a theory of damages.

Khasin then asks me to use my discretion to craft an equitable remedy "in an amount that would both deprive Defendant of its ill-gotten profits and compensate Plaintiff and the class for their losses." *Id.* In asking me to create an equitable remedy out of thin air Khasin concedes that

8

he has no evidence to offer to support a claim for damages. His contention that he is not able to meet his evidentiary burden because "the Court has denied Plaintiff the right to conduct discovery on this issue" falls flat as Bigelow has already produced its sales data to him. *Id.*; *see* Dkt. No. 98 at 2. (Bigelow's "gross sales and the retail pricing of the products at issue have already been produced" and "Khasin does not dispute this or explain why that information is not sufficient to present a damages theory based on the difference between the products as labeled and the products as received."). He does not explain why further discovery would be fruitful.

The facts here parallel those underlying the Hon. Richard Seeborg's decision in *Ries v. Arizona Beverages USA LLC*, in which plaintiffs in a mislabeling case similarly failed to provide any evidence in support of a claim for restitution. No. 10-01139 RS, 2013 WL 1287416, *8 (N.D. Cal. Mar. 28, 2013). "They offer not a scintilla of evidence from which a finder of fact could determine the amount of restitution or disgorgement to which plaintiffs might be entitled if this case were to proceed to trial. This failure alone provides an independent and sufficient basis to grant defendants summary judgment." *Id.* Like the plaintiff in *Ries*, Khasin has provided no evidence in support of his claims for restitution. His attempt to shift the evidentiary burden to defendant and to me fails. Bigelow is entitled to summary judgment on Khasin's UCL, FAL, and CLRA claims on the basis that Khasin has provided no evidence to support a showing of restitution damages.

Similarly, Khasin's failure to provide any evidence of damages is fatal to his claim for unjust enrichment. *See Krouch v. Wal-Mart Stores, Inc.*, No. 12-cv-02217-YGR, 2014 WL 5463333 (N.D. Cal. Oct. 28, 2014) (A cause for "unjust enrichment also requires a finding that the claimant suffered a loss."). Khasin cannot survive summary judgment where he has provided no evidence that he suffered any harm. Bigelow is entitled to summary judgment on Khasin's claim for unjust enrichment.

### III.   WHETHER KHASIN LACKS STANDING FOR INJUNCTIVE RELIEF

Finally, as discussed in my prior order denying class certification, Khasin has not established individual standing on his claims for injunctive relief. Dkt. No. 115 at 5. As I previously found, "Khasin has not plausibly alleged an intent to purchase Bigelow products in the

1 future" and therefore cannot establish that there is a "sufficient likelihood" that he will be injured
2 in the future as required to establish Article III standing. *Id.* at 8. Further, he cannot establish that
3 he is likely to suffer the same injury in the future because "[p]laintiffs like Khasin, who were
4 previously misled by deceptive food labels and now claim to be better informed, lack standing for
5 injunctive relief because there is no danger that they will be misled in the future." *Id.* at 9. As
6 Khasin does not have standing on his claims for injunctive relief, Bigelow is entitled to summary
7 judgment on these claims.

## CONCLUSION

I GRANT Bigelow's motion for summary judgment on all claims because Khasin has failed (1) to present any evidence in support of his claim that a reasonable consumer is likely to be misled by Bigelow's statements, (2) to present any evidence in support of a claim for proper damages, and (3) to demonstrate standing for injunctive relief. Judgment shall be entered accordingly.

**IT IS SO ORDERED**.

Dated: August 29, 2016

WILLIAM H. ORRICK
United States District Judge

10